IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | C.R. NO. C-06-783M |
| | § | |
| MARIANO GONGORA, JR. | § | |

### ORDER DENYING MOTION FOR RECONSIDERATION OF BOND

Defendant was charged with possession with intent to distribute 195 kilograms of marijuana pursuant to 21 U.S.C. § 841(a)(1) on November 9, 2006. (D.E. 1). On November 14, 2006, he had a detention hearing. After argument, he was denied bond because he was found to be a flight risk and a danger to the community. (D.E. 6). Pending is defendant's motion for reconsideration of bond. (D.E. 7).

### BACKGROUND

At the detention hearing, neither defendant nor the Government called any witnesses. Instead, both sides simply presented argument. The Government asserted that he was a risk of flight because his wife was a resident alien and her parents resided in Mexico. They noted that he traveled to Mexico every two to three weeks. Ultimately, the Government relied on the presumption of detention for defendants charged with this type of narcotics crime. See 18 U.S.C. § 3142(e); see also United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990) (per curiam).

Defendant, through his attorney, argued that he had no prior arrest record. Moreover, not only was he a United States citizen, but that his parents and children were all United States citizens. He further claimed that a family member had a piece of property with a tax value of $35,000 that was available as collateral to secure his bond.

In his pending motion, defendant seeks to present new evidence. Specifically, he asserts that

> He seeks release on bond so that he may maintain his employment and continue to operate his family's business. MARIANO GONGORA JR. owns and operates Gongora's Auto Transport, a company specializing in currier [sic] service for businesses throughout south Texas. His business allows him a source of meaningful income while providing modest support for his wife and two children.

(D.E. 9, at 2). He also claims that he "has family members in Houston, Texas who have come forward to offer their support. He would be willing to live in Houston while said litigation is pending." Id. at 3.

## DISCUSSION

As an initial matter, defendant's argument that he would be willing to reside in Houston during pretrial release undercuts his argument that he needs bond to maintain his business and support his family. The owning of a business does not necessarily provide a basis for bond or overcome the presumption. See Araneda, 899 F.2d at 370.

Moreover, the Fifth Circuit has determined that the fact that pretrial detention would impose a severe hardship is not relevant in determining whether a defendant is entitled to pretrial release. Fassler v. United States, 858 F.2d 1016, 1017 n.4 (5th Cir. 1988) (per curiam). It further explained that "financial resources of the defendant are relevant only insofar as they reflect the likelihood that the defendant will appear before the court when required." Id.; see also 18 U.S.C. § 3142(g).

## CONCLUSION

Accordingly, defendant's motion for reconsideration of bond, (D.E. 7), is hereby DENIED.

ORDERED this 27th day of November 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE